Crosby agt. The Bowery Savings Bank.

## N. Y. SUPERIOR COURT.

MARY CROSBY, respondent, agt. THE BOWERY SAVINGS BANK.

*Pleading — Complaint — Demurrer — Complaint in action by a person claiming to be the owner of money deposited in the name of another — When demurrer will be sustained.*

Where the complaint alleged the incorporation of the defendant under the laws of this state, and that on and between certain dates one Edward Hewitt deposited with the defendant, in his own name, the sum of $718.23; that the sum of $493.33, on account of said deposit so made, is still in the possession and custody of the defendant; that the plaintiff is, and was at the time above mentioned, the owner of the said money, and it was left for the benefit and in trust for the plaintiff; and that the plaintiff has duly demanded the return of said money, which return the defendant has refused to make. On demurrer to the complaint on the ground that it does not state facts sufficient to constitute a cause of action;

*Held,* that the demurrer should be sustained. The contract was made by, and with consent of the plaintiff. It does not appear that the defendant refuses to perform its contract, and until it does so appear there is no cause of action against the defendant.

If there be no cause of action stated in the complaint, the defendant is under no obligation to bring in Hewitt, as provided by section 259 of the General Savings Bank act. That section applies to an action brought by the party in whose name the deposit was made when a claim to the deposit is made by another person.

*General Term, July* 1884.

*Before* SEDGWICK, *C. J., and* TRUAX, *J.*

THIS is an appeal from an interlocutory judgment (and order) overruling a demurrer to the complaint.

The complaint alleges the incorporation of the defendant under the laws of this state. It also alleges that on and between the 24th day of February, 1876, and the 28th day of January, 1881, one Edward Hewitt deposited with the defendant, in his own name, the sum of about $718.23; that the sum of $493.23, on account of said deposit so made, is still in the possession and custody of the defendant; that the plaintiff is, and was at the times above mentioned, the owner of the said money, and it was left for the benefit of and in trust for the plaintiff, and that the plaintiff has duly demanded the return of said money, which return the defendant has refused to make. Judgment is demanded for $493.23.

The defendant demurred to this complaint on the ground that it does not state facts sufficient to constitute a cause of action.

*Carlisle Norwood, Jr.,* for appellant.

*Abram Kling,* for respondent.

TRUAX, *J.* — The complaint shows no obligation on the part of the defendant to return the money deposited with it to the plaintiff. It does not show that the defendant knew that the money was the plaintiff's money, nor that it was left for the benefit of and in trust for the plaintiff. The inference to be drawn from the complaint is that the money was given to Hewitt by the plaintiff to be deposited with the

Crosby agt. The Bowery Savings Bank.

defendant in Hewitt's name, and therefore it must be held that the plaintiff is bound by the contract which the defendant made with Hewitt, viz., that it would repay the money to Hewitt, the depositor, or to his legal representatives. on demand, as required by the General Savings Bank act (*Laws of* 1875, *chap.* 371, *as amended by Laws* 1882, *chap.* 409, *sec.* 257).

The deposit became the property of the defendant, and the defendant became a debtor to the depositor (*Sims* agt. *Bond*, 5 *B. & Adol.*, 393; *People* agt. *Merchants, &c., Bank*, 92 *N. Y.*, 7). This contract was made by and with consent of the plaintiff. It does not appear that the defendant refuses to perform its contract, and until it does so appear there is no cause of action against the defendant.

In *Mulcahy* agt. *Develin et al.* (17 *Week. Dig.*, 308), cited by respondent, the complaint alleged that the plaintiff was the owner of and possessed of a certain sum of money on deposit with a third person, which sum of money in some way the defendant, without the plaintiff's knowledge or consent, became possessed of. The general term of the court of common pleas held that a demurrer to the complaint would not lie, because the defendants by demurring admitted that the plaintiff owned and was possessed of the money that the defendant had appropriated without her knowledge and consent. In this respect the two cases differ.

This action is to be distinguished from those actions in which it has been held that whenever one man has the money of another, which he ought to pay over, he is liable in an action of assumpsit. Here, as between the plaintiff and defendant, the defendant ought not to pay over the money to plaintiff, because with plaintiff's consent it has promised to pay to another (*See Stephens* agt. *Radcock*, 3 *Barn. & Adol.* 354).

Of course, if there be no cause of action stated in the complaint, the defendant is under no obligations to bring in Hewitt, as provided by section 259 of the General Savings

Bank act. That section applies to an action brought by the party in whose name the deposit was made when a claim to the deposit is made by another person.

The judgment and order are reversed, with costs, and demurrer is sustained, with costs.

SEDGWICK, *C. J.* — I concur with judge TRUAX in his opinion that there is no legal cause of action, but think that there would be an equitable cause of action if Hewitt were made defendant with proper allegation. ·