THE PEOPLE OF THE STATE OF NEW YORK *v.* THE MECHANICS AND TRADERS' SAVINGS INSTITUTION.

W. H. M. SISTARE, Judgment Creditor, Respondent, *v.* WILLIAM J. BEST, Receiver, etc., Appellant.

The primary relation of a depositor in a savings bank to the corporation is that of creditor.

Upon insolvency of the corporation, the depositors stand as other creditors, having no greater, but equal rights to be paid ratably out of the insolvent estate.

Accordingly *held*, where a creditor of a savings bank obtained a judgment against a receiver thereof in an action brought against the bank before the appointment of the receiver, in which action the receiver was substituted as defendant, that the plaintiff was not entitled to a preference over depositors in the payment of his judgment.

*People* v. *M. and T. S. Institution* (28 Hun, 375), reversed.

(Argued March 6, 1883 ; decided March 20, 1883.)

APPEAL by William J. Best, receiver of The Mechanics and Traders' Savings Institution, from so much of an order of the General Term of the Supreme Court, in the third judicial department, as reversed a portion of order of Special Term, and directed William J. Best, the receiver of said institution, to pay in full certain judgments rendered against him in favor of William H. Sistare. (Reported below, 28 Hun, 375.)

This institution was incorporated as a savings bank by chapter 368, Laws of 1852. Mr. Sistare was a New York broker, and in 1872, the savings institution employed him as such broker to sell certain stock. The result of the transaction was that on

the 5th day of April, 1872, the savings institution became liable to him for a large sum. For this Mr. Sistare commenced an action against it in November, 1875. The action was pending on the 26th day of December, 1877, when an order was entered in the matter above entitled, dissolving the corporation and appointing Mr. Best receiver. On the 29th of April, 1878, an order was made substituting Mr. Best as receiver in place of the corporation in the action brought by Mr. Sistare, and judgment was thereafter rendered therein in favor of plaintiff. It was appealed to the Court of Appeals where judgment was affirmed, and judgments for costs were perfected.

Mr. Sistare applied to the court at Special Term that his judgments be paid in preference to the claims of depositors. This motion was granted as to his costs and disbursements, but denied as to his claim. The General Term, on appeal, held that he was entitled to a preference for the full amount of his judgments, with interest, and directed the receiver to pay the same out of the funds in his hands.

*A. J. Vanderpoel* for appellant. The legislature intended to place the creditors and depositors of savings banks on the same footing. (Laws of 1852, chap. 368, § 13; Laws of 1875, chap. 371, § 476; Laws of 1879, chap. 422, § 473; 2 R. S. [Edm. ed.] 471, 492; 3 R. S. [7th ed.] 2401.) The depositors in a savings bank are simply creditors of the institution. (*Macin* v. *Savings Institution*, 23 Me. 350; *Lund* v. *Seaman's Savings B'k*, 37 Barb. 129; *Van Dyck* v. *McQuade*, 86 N. Y. 39, 52.)

*A. D. Pape* for respondent. Where a stock corporation is dissolved, its creditors must be paid before its stockholders, because the money paid for the stock constitutes the capital which the stockholders invest and risk in the business, and they, being entitled to the profits, must suffer the loss. (*Huntington* v. *Savings Bank*, 96 U. S. 388.) A savings bank is a corporate trustee, and in the management of its trust, the bank, through its board of directors, is authorized to incur reasonable expenses.

(*Hun* v. *Cary,* 82 N. Y. 65–67 ; 2 Perry on Trusts [3d .ed.], §§ 907, 908 ; *New* v. *Nicoll,* 73 N.Y. 131 ; *Stockton* v. *M. and T. Savings Bank,* 32 N. J. Eq. 163 ; 22 Alb. L. J. 157–8 ; *Osborn* v *Byrne,* 21 Am. Rep. 641 ; *Hannon* v. *Williams,* 38 id. 383 ; *Hyde* v. *Lynde,* 4 N. Y. 391 ; *Mann* v. *Rentz,* 3 Comst. 423 ; *M. Savings Bank* v. *Bastin,* Penn. Sup. Ct., March, 1881.)   A receiver takes merely the same rights which the corporation had and subject to the same equities. (*Lincoln* v. *Fitch,* 42 Me. 456 ; *Robinson* v. *Howes,* 20 N. Y. 84 ; *Smith* v. *Felton,* 43 id. 419.)   The defendant is not bound to await the administration of the fund as a general creditor to share with others *pro rata,* but is entitled to an immediate order for the payment of his costs in full. (*Columbia Ins. Co.* v. *Stevens,* 37 N. Y. 536.)

ANDREWS, J.  The primary relation of a depositor in a savings bank, to the corporation, is that of creditor and not that of a beneficiary of a trust.  The deposit when made becomes the property of the corporation.  The depositor is a creditor for the amount of the deposit, which the corporation becomes liable to pay, according to the terms of the contract under which it is made.  When payment is made, the claim of the depositor is extinguished; and he has no further claim upon the funds or assets of the bank.  Upon insolvency the assets and property of the corporation, as in the case of other corporations, is a trust fund for the payment of creditors, and depositors we think stand as other creditors, having no greater, but equal rights to be paid ratably out of the insolvent estate.  The fact that savings banks are public agencies created by law to receive and invest the money deposited in them does not change the status of depositors, upon insolvency of the bank, from that of creditors to that of beneficiaries of a trust, so as to subject the assets of the bank to the payment in the first instance of other creditors.  The statutes under which savings banks are organized contain restrictions and provisions intended to secure depositors against loss.  These institutions are designed to encourage economy and frugality among persons of small

means.    But the depositors have no voice in the management. The directors or trustees are designated in the charter or the certificate of incorporation, and constitute a self-perpetuating body.    There is nothing like a private trust between the corporation or its trustees, and the depositors, in respect to the deposits.    The trustees assume the management of the aggregate fund under the special provisions of the statute, and the depositors can, under the most favorable circumstances, receive but a moderate rate of interest on their deposits.    The deposits are not made as a business venture, but the supposed security of the fund is the great motive put forward to induce deposits.    The other creditors of the corporation have no superior equity to the depositors to payment in case of deficiency of assets.    They deal with the corporation upon the footing of general creditors, and the fact that the corporate franchises are granted primarily for the management of funds of depositors, does not entitle the former to priority of payment.    The statutes certainly do not contemplate that the rights of depositors shall be inferior to those of other creditors.    The statutes regulating the distribution of the assets of insolvent corporations recognize the equitable principle of equality between creditors and furnish, we think, the proper rule of distribution in this case.    (2 R. S. 464, § 42 ; id. 477, § 79.)

We are therefore of the opinion that the claimant is not entitled to the preference claimed, and that the order of the General Term should be reversed and the order of the Special Term affirmed, with costs.

All concur.

Judgment accordingly.