THE PEOPLE ex rel. THE SAVINGS BANK OF NEW LONDON, Appellants, *v.* MICHAEL COLEMAN et al., Commissioners of Taxes of the City of New York, Respondents.

As a general rule all property within this state is liable to taxation, and to sustain a claim of exemption the claimant must point out some statute clearly giving it.

The provision of the Revised Statutes (1 R. S. 388, § 4, subd. 71) exempting "the personal estate of every incorporated company not made liable to taxation on its capital" includes only corporations having a capital, which is not liable to taxation as such; it does not embrace corporations having no capital.

A corporation organized under the laws of another state having property in this state can claim no exemption from taxation on account of the laws of its own state.

While *it seems* the legislature may constitutionally impose double taxation, its purpose so to do may never be inferred, but must plainly appear.

As to whether depositors in savings banks are taxable upon their deposits, *quære.* (EARL, Ch. J., and FINCH, J., holding that they are.)

As to whether the act of 1882 (Chap. 402, Laws of 1882), repealing the provision of the act of 1875 (§ 56, chap. 371, Laws of 1875), which repealed the provision of the acts of 1866 (§ 7, chap. 761, Laws of 1866), providing for the taxation of banks on their "privileges and franchises," and also repealed the act of 1867 (Chap. 861, Laws of 1867), amending the same, restored said provision, *quære.*

Said provision, if in force, has no application to foreign savings banks.

The only exemption such a bank can claim is under the act of 1857 (Chap. 456, Laws of 1857), which exempts deposits due depositors but not its surplus.

A foreign savings bank is, therefore, liable to taxation upon its surplus invested in this state.

Accordingly *held*, where a savings bank of another state had invested a portion of its surplus in the purchase of stock of a bank in this state, that it was liable to assessment and taxation upon the value of the shares of said bank at the place where the bank is located (§ 312, chap. 409, Laws of 1882); proper deductions being made for the liabilities of the savings bank.

Where assessors, in making an assessment of personal property, ascertain the amount of the owner's liabilities and make all deductions on account thereof to which he is entitled and assess him for the balance, he may not claim against the assessment so made another deduction of liabilities.

(Argued June 6, 1892; decided October 4, 1892.)

APPEAL from order of the General Term of the Supreme Court in the first judicial department, made March 31, 1892,

which affirmed an order of the Special Term dismissing a writ of certiorari.

The nature of the proceeding and the facts, so far as material, are stated in the opinion.

*George Richards* for appellant. · By the laws of New York, incorporated savings banks, whether domestic or foreign, are exempt from taxation upon their personal property. (*M. Bank* v. *New York*, 121 U. S. 161; *People ex rel.* v. *Beers*, 67 How. Pr. 222; *Huntington* ·v. *Savings Bank*, 96 U. S. 389; Laws 1819, 66; Laws 1820, 82; Laws 1821, 151; Laws 1823, 283; Laws 1827, 170; Laws 1829, 85; 2 R. S. [8th ed.] 1082, 1083; *Catlin* v. *Trustees*, etc., 113 N. Y. 133; Davies on Taxation, 91; *People* v. *Comrs.*, 104 N. Y. 249; *People* v. *Smith*, 88 id. 582; *People* v. *H. Ins. Co.*, 92 id. 339, 347; *W. C. Inst.* v. *City of Worcester*, 10 Cush. 128; *P. S. Inst.* v. *Gardner*, 4 R. I. 484; *N. S. Bank* v. *City of Nashua*, 46 N. H. 389; *M. Ins. Co.* v. *Supervisors*, 4 N. Y. 442; *S. M. Ins. Co.* v. *Mayor*, etc., 8 Barb. 450; 8 N. Y. 241; *People ex rel.* v. *Board of Supervisors*, 16 id. 424; *People ex rel.* v. *Coleman*, 126 id. 433; *People* v. *E. T. Co.*, 96 id. 387; · *People ex rel.* v. *Dayton*, 55 id. 378.) The act of congress (U. S. R. S. § 5219), the sole authority for any taxation of the national bank shares under the laws of a state, forbids state legislation which makes any broad and radical discrimination against this species of personal property as compared with other personal property generally. (*H. Ins. Co.* v. *Coleman*, 44 Hun, 47; *People* v. *Weaver*, 100 U. S. 539; *Stanley* v. *Supervisors*, 105 id. 305; *Boyer* v. *Boyer*, 113 id. 689, 701; *M. Bank* v. *New York*, 121 id. 138, 151; *Whitbeck* v. *M. Bank*, 127 id. 193; *Murray* v. *B. L. Ins. Co.*, 104 Mass. 586; 149 id. 1; *M. C. S. Bank* v. *City of Rochester*, 37 N. Y. 365.) The New York Bank Share Act (Laws of 1882, chap. ·409, § 313) does not repeal exemptions nor make taxable upon federal securities persons or corporations which are otherwise exempted from personal property taxation by our laws. (*Bennett* v. *City of Buffalo*, 17 N. Y. 383; *Murray* v. *B. L. Ins.*

*Co.,* 104 Mass. 586.) Assuming that, under the laws of New York, savings banks are subject to a personal property tax, they must at all events be allowed to deduct from any assessment from taxation the amount of their liabilities which have not been used in connection with any other assessment for taxation. (Law of 1882, chap. 409, § 312; *People* v. *Weaver,* 100 U. S. 539; *Stanley* v. *Bd. Suprs.,* 100 id. 305; *Whitbeck* v. *M. Bank,* 127 id. 193; *Ruggles* v. *City of Fon du Lac,* 53 Wis. 436; *Matter* v. *Campbell,* 71 Ind. 512; *Wasson* v. *N. Bank,* 107 id. 206; *H. Ins. Co.* v. *Coleman,* 44 Hun, 47; *People ex rel.* v. *G. F. Ins. Co.,* 38 N. Y. 89; *N. Bank* v. *City of Richmond,* 42 Fed. Rep. 877; Laws of 1875, chap. 371, § 38; Laws of 1866, chap. 761; Laws of 1867, chap. 861.) Assuming again that, under the Laws of New York, savings banks are assessable upon their personal property, the deduction of their liabilities must be made from the assessment in question and not from something else. (2 R. S. [8th ed.] 1096, §§ 8, 9; *People* v. *Ryan,* 10 Abb. [N. C.] 37; 88 N. Y. 142; Laws of 1859, chap. 302, § 11; *Clark* v. *Norton,* 49 N. Y. 243; *Westfall* v. *Preston,* Id. 349; *People ex rel.* v. *Forrest,* 96 id. 544; *Apgar* v. *Hayward,* 21 J. & S. 357; *People ex rel.* v. *Comrs.,* 23 N. Y. 224; *People ex rel.* v. *Comrs.,* 1 T. & C. 611; *People* v. *Eq. T. Co.,* 96 N. Y. 387; *McLean* v. *Jephson,* 123 id. 142; *Bennett* v. *City of Buffalo,* 17 id. 383; *S. C. Co.* v. *S. P. R. Co.,* 118 U. S. 394; *Walling* v. *Michigan,* 116 id. 446; *People ex rel.* v. *Coleman,* 126 N. Y. 439.) The burden is upon the tax department to show a clear statutory authority for their action. (*McLean* v. *Jephson,* 123 N. Y. 146.)

*George S. Coleman* for respondent. An exemption of property accorded to the relator by the statutes of Connecticut does not avail to exempt its property in the State of New York. (*Catlin* v. *Trustees, etc.,* 113 N. Y. 133, 142; Laws of 1887, chap. 713.) There is no general or special statute of the State of New York under which the personal property of the relator within the state is exempted from taxation. (*Catlin* v. *Trustees, etc.,* 113 N. Y. 139; *People ex rel.* v. *Beers,*

67 How. Pr. 219.) Even if a savings bank, as such, were not taxable, under the laws of this state, on its deposits and accumulations, it might still be liable to taxation as a stockholder in a national bank, without regard to the ownership of the shares. (*Bank of Redemption* v. *Boston*, 125 U. S. 60.) The assessment and taxation of the relator's bank stock was not made at a greater rate than that applied to other moneyed capital in the hands of individual citizens of this state. (Laws of 1882, chap. 409, § 312; Laws of 1880, chap. 596, § 3; *Stanley* v. *Bd. Suprs.*, 105 U. S. 305; *Whitbeck* v. *M. Bank*, 127 id. 193; *People ex rel.* v. *Coleman*, 44 Hun, 471; *McMahon* v. *Palmer*, 102 N. Y. 176; 133 U. S. 660; *M. Bank* v. *New York*, 121 id. 138; *W. N. Bank* v. *Parker*, 41 Fed. Rep. 402.)

EARL, Ch. J. This is a proceeding by certiorari to review an assessment of the relator, a Connecticut corporation, on shares of stock owned by it in certain banks located in the city of New York. There is no dispute about the ownership by it of the stock. It claims exemption from the assessment mainly because it is a savings bank, and also because, if allowed the proper deductions for its liabilities, nothing would remain for taxation.

It cannot claim exemption here on account of any laws of the state of Connecticut, as they have no operation here. We will assume that it is entitled to all the exemptions and regulations of the assessment and tax laws of this state, and that it must be treated precisely as if it were a domestic corporation, and yet we reach the conclusion that the assessment complained of was properly made.

The general rule is that all property within this state is liable to taxation, and when a claim of exemption is made, it must clearly appear, and the party claiming it must be able to point to some provision of law plainly giving the exemption.

It is provided in section 1, title 1, chapter 13, part 1 of the Revised Statutes, as follows: "All lands and all personal estate within this state, whether owned by individuals or by

corporations, shall be liable to taxation, subject to the exemp-
tions hereinafter specified." And among the exemptions after-
wards specified is "the personal estate of every incorporated
company not made liable to taxation on its capital in the
fourth title of this chapter." In order to claim this exemp-
tion, a corporation must have a capital not liable to taxation as
such, and so we decided in *Catlin* v. *Trustees of Trinity Col-
lege* (113 N. Y. 133). There we held that the words " incor-
porated company " were intended to designate only such busi-
ness and stock corporations as, by chapter 13, are, under special
circumstances, exempted from taxation on their capital, and
do not embrace corporations not having a capital. The reason-
ing by which that conclusion was reached need not be repeated
here. Nothing is left to be said by the opinion there pro-
nounced. Therefore, looking at the Revised Statutes alone,
there is nothing upon which the relator can base the exemp-
tion claimed.

The Revised Statutes neither exempted the bank nor the
depositors therein. But there could not be double taxation.
If that had been attempted, some way would have been found
to defeat it, as that would be against public policy, the purpose
of the laws and natural justice. While the legislature may
constitutionally impose double taxation, its purpose to do so
can never be inferred, but must plainly appear. The bank is
in some sense a trustee of the depositors, and takes their money
and invests it, and pays them the net interest which it earns,
and it cannot be supposed that there is any system of laws
under which taxation can, at the same time, be imposed upon
a trustee and the beneficiary in respect of the same property.
(*Provident Savings Institute* v. *Gardiner*, 4 R. I. 484;
*Nashua Savings Bank* v. *City of Nashua*, 46 N. H. 389,
398.)

The system for the taxation of savings banks and their
depositors under the Revised Statutes was undoubtedly imper-
fect. It may be that either the bank or the depositors could
be taxed and undoubtedly it would have been most appropriate
to select the bank for taxation.

Thus the law remained until 1857, when the act chapter 456, " in relation to the assessment of taxes on incorporated companies," was passed, the fourth section of which is as follows : " The deposits in any bank for savings which are due to depositors and the accumulations in any life insurance company organized under the laws of this state, so far as the said accumulations are held for the exclusive benefit of the assured, shall not be liable to taxation other than the real estate and stocks which may be owned by such bank or company and which are now liable to taxation under the laws of the state." Now what does that section mean and what did the legislature intend to accomplish by it?   The whole act deals with " incorporated companies; " so the title indicates.   The section plainly intended either to exempt depositors from taxation upon their deposits or to exempt the banks from taxation upon such deposits.   We think the legislature found the confusion existing in the laws as to the taxation of such deposits, and that the taxation might be imposed upon the banks where they were located, or upon the depositors where they resided, neither the banks nor the depositors having any exemption, and it intended to exempt the banks from taxation upon such deposits to which they were then liable.   That it was providing for the exemption of the banks as to the deposits is made probable by the circumstances that in the same section consisting of but one sentence it provided for the exemption of life insurance companies from taxation upon their accumulations held for the benefit of persons insured, and that the real estate and certain stocks owned by the corporations are expressly left liable to taxation as before.   There is no language indicating that it was meant to exempt the depositors from taxation upon their deposits.   If, as claimed by the relator, the banks are exempted from taxation under the Revised Statutes and as claimed by others the depositors are exempted from taxation on their deposits under this section, then an increasing amount of personal property in this state, now amounting to more than $600,000,000, will entirely escape taxation. There is certainly no public policy which dictates the entire

exemption of this enormous amount of property, and the intention to exempt it, before the exemption can be allowed, should be found plainly expressed in some statute, and we do not find it. The depositors are taxable upon their deposits as they are upon other personal property, and the banks are exempt to the extent specified in the section.

The exemption was only to the extent of the deposits due to depositors. The surplus held by savings banks not being due to depositors, and therefore not taxable against them, was left where it was before, liable to taxation against the banks. But it was found that the banks escaped taxation upon the surplus by investing it in government bonds which were exempt from taxation, and hence in 1866 the legislature, in section 7 of the act chapter 761, provided for the taxation of the banks on their "privileges and franchises," to an amount not exceeding the gross sum of their surplus. In 1867 this section was amended so as to allow a deduction from the surplus of the amount thereof invested in United States securities. (Chapter 861.) In 1875, by section 56 of chapter 371, the legislature repealed the acts of 1866 and 1867, and thus the law was again restored to the condition in which it was left by the act of 1857, and so the law remained until 1882 when by chapter 402 the act of 1875 was repealed. It may be that this repeal of the act of 1875 restored the acts of 1866 and 1867. It is, however, not now necessary to determine whether it did or not as those acts providing for the taxation of the privileges and franchises of savings banks manifestly could have no application to foreign savings banks.

No other statutes have come to our attention which bear upon the exemption of savings banks and their depositors from taxation, and our conclusion is that the only exemption which the banks can claim is under the act of 1857, and that that exempts only the deposits due to their depositors, and not their surplus, and that hence there is room for the operation of the provisions of law which impose taxation upon the shares of bank stock. Those provisions are found in section 5219 of the Revised Statutes of the United States, and in the

laws of this state, section 312, chapter 12 of the act chapter 409 of the Laws of 1882. In the latter act it is provided that the stockholders in every bank, state or national, shall be assessed and taxed on the value of their shares of stock at the place where the bank is located; and that such shares shall be assessed like other taxable personal property owned by individuals and with like deductions. Section 312 is mandatory. It provides that the stockholders " shall be assessed and taxed." It may, at least plausibly if not well, be claimed that a corporation owning bank shares may be taxed upon them although generally exempt from taxation as to its other personal property. (*Bank of Redemption* v. *Boston*, 125 U. S. 80.) But we need not go so far in this case, because if these shares are part of the surplus of this bank, and the proper deductions have been allowed, it has no ground of complaint. The assessors determined upon sufficient, and indeed undisputed, evidence that they were part of the surplus, and we cannot perceive how it can be well disputed that every deduction which the bank could properly claim was made. The assessors took the total value of all its assets, and from that deducted all its liabilities, and thus ascertained that it had a surplus of over $900,000. From this surplus they deducted all its property not taxable anywhere, all its property taxable elsewhere, all real estate and cash held by it, and thus reached a final surplus largely in excess of the assessment made against the bank. It is impossible to perceive what other deductions the assessors should have made, and the learned counsel for the bank has called to our attention no other.

But he claims that the bank was entitled to a deduction of its liabilities from the assessment as made. The bank was not entitled to the deduction of liabilities twice. When the assessors, in making an assessment of personal property, ascertain the amount of the owner's liabilities and make all the deductions on account thereof to which he is entitled, and assess him for the balance thus obtained, he cannot then again claim against the assessment thus made another deduction of his liabilities and thus entirely wipe out the assessment. Assessors

may assess an owner for the whole amount of his personal property and then allow him deductions on account of his liabilities when he appears and claims it, or they may allow him the deductions when they make the assessment, and then he has no grievance to complain of.

Our conclusion, therefore, after a careful consideration of the learned and ingenious brief of the counsel for the bank, is that the assessment against it was properly made, and that it has no just ground to complain of the amount thereof, and the order appealed from should, therefore, be affirmed, with costs.

FINCH, J., concurs; ANDREWS, PECKHAM, GRAY, O'BRIEN and MAYNARD, JJ., concur in result on the ground that the shares of stock assessed were part of the bank's surplus, and they express no opinion as to the taxation of depositors on account of their deposits in savings banks.