(17 Misc. Rep. 180)

### PEOPLE ex rel. BRIDGEPORT SAV. BANK v. BARKER et al.

(Supreme Court, Special Term, New York County. May, 1896.)

SAVINGS BANKS—RELATION TO DEPOSITORS—TAXATION.

In Connecticut the relation between a savings bank and its depositors is that of debtor and creditor, and therefore, in assessing for taxation. shares of bank stock owned by a Connecticut savings bank in New York, the savings bank may set off against the value of such shares the amount of its liability to its depositors.

. Certiorari by the Bridgeport Savings Bank to review the determination of Edward P. Barker and others, as commissioners of taxes and assessments, assessing relator's personal property for taxation. Judgment for relator.

Esek Cowen, for relator.

Francis M. Scott, Corp. Counsel (James M. Ward, of counsel), for respondents.

BEEKMAN, J. The relator is a savings bank, duly incorporated under the laws of the state of Connecticut, and transacting business exclusively within that state. It is a shareholder in certain banks located in the city of New York, and has been assessed by the respondents for taxation in respect to such stock. Within the time allowed by law for that purpose, it applied to the respondents to cancel the assessment, on the ground that the deductions and exemptions allowed by law left nothing to be assessed. Among the deductions so claimed was the liability of the bank to its depositors. The respondents, however, refused to recognize this as a debt, within the meaning of the statute, and declined to grant the relief asked for; whereupon this proceeding was instituted for the purpose of reviewing their action.

The sole question presented for determination is whether, under the laws of the state of Connecticut, the relation between a savings bank and its depositors is that of debtor and creditor. The question in this state seems to be no longer open to doubt. People v. Mechanics' & Traders' Sav. Inst., 92 N. Y. 7. In that case Judge Andrews says (page 9):

"The primary relation of a depositor in a savings bank to the corporation is that of creditor, and not that of a beneficiary of a trust. The deposit, when made, becomes the property of the corporation. The depositor is a creditor for the amount of the deposit, which the corporation becomes liable to pay, according to the terms of the contract under which it is made. When payment is made, the claim of the depositor is extinguished, and he has no further claim upon the funds or assets of the bank."

The learned counsel for the respondents, however, contends that the question has been otherwise determined in the state of Connecticut, and refers to the statutes of that state in regard to such banks, and the following decisions of its court of last resort upon the subject: Savings Bank of New London v. Town of New London, 20 Conn. 111; Coite v. Society, 32 Conn. 173; Greene v. Manufacturing Co., 52 Conn. 330; Price v. Society, 64 Conn. 362, 30 Atl. 139. It is true that the cases referred to and others which might have been quoted state that savings banks are large incorporated agencies for receiving and loaning the money of their depositors, and that they are merely places of deposit where money can be left to remain or be taken out at the pleasure of the owner. But, when these cases are considered in the light of the facts upon which they rest, I think it becomes plain that the court simply intended to express the idea that, associated with a direct obligation to repay the deposit on demand, there was also a fiduciary relation between the bank and the depositor, growing out of the peculiar nature of the corporate busi-

ness. As such corporations have no stockholders, and have no power to transact business for the profit of their incorporators, the only persons, from the nature of the case, who have a pecuniary interest in the proper administration of the corporate affairs, are the depositors. Hence every corporate function bears exclusively upon their interests, and is exercised for their benefit, and out of this condition arises the trust relation which usually accompanies the performance of a duty in respect to property for the profit of another.

There is nothing in the statutes of the state of Connecticut which suggests the existence of any other kind of a trust than this. A brief statement of the contents of chapter 110 of the General Statutes of the state, entitled "Savings Banks," which has been offered in evidence, indicates this. It regulates the manner in which the assets of the bank shall be invested; limits the deposits from any one individual in one year to a sum not exceeding $1,000; provides for the salaries of the officers; prohibits any officer from being a borrower of money from the bank; limits the rate of interest which it may exact on loans of its funds, and its expenditures in the purchase or construction of a building for its purposes; requires the appointment annually by the trustees of not less than two auditors, to examine and report upon the condition of the bank; declares that "the net income of any savings bank in excess of a sum equal to one-eighth of 1 per cent. of its deposits, actually earned during the six months last preceding, and no more, may be semi-annually divided among its depositors"; prohibits any savings bank from making a dividend until its surplus shall have accumulated to a sum equal to 3 per cent. of its deposits, such surplus to be kept as a contingent fund; authorizes the trustees, in declaring dividends, to discriminate between deposits of $2,000 and less and those over that sum in favor of the former, with the qualification that such discrimination shall not exceed 1 per cent. annually; requires the treasurer of the bank to give security; and prescribes certain rules in reference to meetings, reports, and the filling of vacancies. It will be observed that these are in the nature of regulations of and limitations upon the manner in which the corporate functions of such banks are to be exercised; and in so far as the depositors are the beneficiaries of the corporation, as they are under the laws of the state of New York as well as under those of the state of Connecticut, they have an interest in the lawful and provident exercise of such powers. There is, however, nothing in the statute in question which forbids the conclusion that there also exists between the bank and the depositor the relation of debtor and creditor. When the deposit is made, the money is received by the bank, and commingled with its other funds, and is invested with them for the benefit of all of the depositors, or, perhaps, it would be more accurate to say, for the general corporate purposes of the bank. No depositor can assert any special interest or trust for his benefit in respect to any particular investment by reason of his ability to identify it as having been made with his deposit. As soon as his deposit was made, the title to the money passed to the bank, just as the title to all of the investments made by a bank vests in the corporation. Where, then, is the right of the depositor?

Clearly, to receive his money back upon demand, with such dividends or interest·as at the time may be credited to his account, but not the particular money which he deposited, nor the proceeds of any particular asset of the bank, but a sum of money equal to his deposit with interest. When he has withdrawn his money, his relations with the bank have terminated, and the contract between it and him has been fully satisfied; and, although there may have been earnings, to a certain extent the product of the money which he has deposited, represented in the surplus or undivided profits of the bank, his interest therein, whatever it may be called, has ceased, and he has no right to call upon the bank to account to him for any part of it. On the other hand, as each new depositor enters into relations with the bank, he immediately assumes the same position and relation to the existing assets of the bank, and enjoys precisely the same rights, relative to the amount of his deposit, as the others. It will thus be seen that the "trust relation," so called, is one which exists between the bank, on one hand, and the depositors for the time being, as a class, on the other, but withal lacking in some of the important elements which characterize a trust pure and simple. With this, however, as I have said, co-exists the individual relation between each depositor and the bank of debtor and creditor, arising out of the contract between them which expresses the transaction. The bank receives the depositor's money, taking the title to it at the moment of deposit, and agrees to repay it, with its accumulations, upon the demand of the depositor. If the bank refuses to pay, the depositor may sue for it, and recover a money judgment. What is this but a debt?

We find this double aspect, so to speak, of the relation between a savings bank and its depositors apparently recognized in cases both in this state and in the state of Connecticut.

In the case of Hun v. Cary, 82 N. Y. 65, Judge Earl says (page 70):

"The relation existing between the corporation and its trustees is mainly that of principal and agent; and the relation between the trustees and the depositors is similar to that of trustee and cestui que trust."

In· that case the action was one in which the receiver of the bank was suing the trustees for damages resulting from mismanagement.

In the case of Eaves v. Bank, 27 Conn. 229, the court says (page 232):

"It is said that the defendants are mere bailees of the money, and, as such, are responsible only for ordinary care. Suppose this were so, which, however, we do not admit; it would not help the defendants, for it would be no excuse for paying the money to an unauthorized person; and one with a forged authority is no better. We think that the defendants are not bailees, but a banking corporation, with the usual powers and duties of banks, except that they are not a bank of issue and circulation, and the capital is liable to be withdrawn upon notice. They do not take money to be used and held in trust, as is intimated, nor to be specifically restored, more than in any case of a loan of money or a deposit in a bank; but, on the contrary, they take it and use it as their own, to be restored at all events when called for."

In that case the bank has paid the amount of the deposit in good faith, upon an order apparently made by the depositor, but which was shown to have been forged. The bank endeavored to avoid re-

sponsibility on the theory of a trust, as indicated in the portion of the opinion which I have quoted, but the contention was, as we have seen, held to be untenable.

The cases to which I have referred are sufficient to show that the attempted definitions of the legal relation between a savings bank and its depositors which they contain are not to be accepted in any one case as complete, but only as partial statements, from different points of view, and, may be good, as far as they go, for the purposes of that case. I find nothing in the authorities cited from the Connecticut Reports which forbids a construction similar to that which has been adopted in this state in the case of People v. Mechanics' & Traders' Sav. Inst., supra. Conceding a relation of trust and confidence between a bank or its trustees and a depositor, the primary relation is still, I think, as Judge Andrews has defined it to be in this state, that of debtor and creditor. It follows, therefore, that the respondents erred in not allowing a deduction of the deposits from the assets of the relator, and for that reason the assessment in question should be vacated and set aside.

Ordered accordingly.