The People of the State of New York ex rel. The Bridgeport Savings Bank, Respondent, *v.* Edward P. Barker et al., Commissioners of Taxes and Assessments of the City of New York, Appellants.

1. Tax on Bank Shares Owned by Savings Bank — Deposits as Offset. A savings bank's deposits constitute a debt to its depositors and are to be deducted from its total assets, as a liability, in setting off its debts against the value of stock of banks in this state owned by it, for the purposes of local assessment and taxation on such stock, under the Banking Law (L. 1882, ch. 409, § 312).

2 Foreign Savings Bank. A savings bank of another state, on being assessed for local taxation here upon stock of banks in this state owned by it, is entitled to all the deductions and exceptions allowed to a private citizen of this state in the assessment of his personal property.

3. United States Bonds. In assessing a savings bank for local taxation upon stock of banks in this state owned by it, it is entitled to deduct from the apparent surplus, arrived at by deducting from its assets the amount due its depositors, the value of United States bonds in which such surplus is invested.

*People ex rel. Bridgeport S. Bank* v. *Barker,* 19 App. Div. 628, affirmed.

(Argued October 4, 1897; decided October 12, 1897.)

Appeal from an order of the Appellate Division of the Supreme Court in the first judicial department, entered June 29, 1897, which affirmed an order of Special Term vacating an assessment upon shares of national and state banks in the city of New York belonging to the relator for the purposes of taxation for the year 1894.

The facts, so far as material, are stated in the opinion.

*James M. Ward* and *Francis M. Scott* for appellants. An exemption of property accorded to the respondent by the statutes of Connecticut would not avail to exempt such property in the state of New York. (*Catlin* v. *Trustees of Trinity College,* 113 N. Y. 142; *People ex rel.* v. *Coleman,* 135 N. Y. 231.) Savings banks are not wholly exempt from taxation under the laws of the state of New York. (L. 1857, ch. 456, § 4.) Even if a savings bank, as such, were not tax-

able, under the laws of this state, on its deposits and accumulations, it would still be liable to taxation as a stockholder in a national bank without regard to the ownership of the shares. (*Bank of Redemption* v. *Boston,* 125 U. S. 60; *People ex rel.* v. *Coleman,* 135 N. Y. 231.) The original assessment against respondent was in strict accordance with law. (1 R. S. 387, § 51; U. S. R. S. § 5219; L. 1882, ch. 409, §§ 312, 313; L. 1882, ch. 410, § 818; L. 1892, ch. 714.) The amount shown to be invested in United States bonds is not to be deducted from the gross surplus before ascertaining the net surplus as applicable to the assessment against the bank shares in national banking associations in New York city owned by the respondents. (L. 1892, ch. 714, § 202; 135 N. Y. 231.) The assessment and taxation of the respondent's bank stock was not made at a greater rate than that applied to other moneyed capital in the hands of individual citizens of this state. (U. S. R. S. § 5219; *Mercantile Bank* v. *New York,* 121 U. S. 138; *Palmer* v. *McMahon,* 133 U. S. 660; *W. N. Bank* v. *Parker,* 41 Fed. Rep. 402; L. 1882, ch. 409, §§ 312, 325, 326.) Under the construction placed by the courts upon the provision of the Revised Statutes of the state of Connecticut relating to the relations between the savings banks in that state and their depositors, it is quite plain that the relation of debtor and creditor does not exist, and that the respondent is not entitled to deduct from its gross assets as a liability the amount of its deposits before the gross surplus is ascertained. (*Eaves* v. *P. S. Bank,* 27 Conn. 229; *Savings Bank of New London* v. *Town of New London,* 10 Conn. 111; *Coite* v. *Society of Savings,* 32 Conn. 173; *Green* v. *S. M. Co.,* 52 Conn. 330; *Price* v. *Society for Savings,* 64 Conn. 362.) The assessment cannot be reduced below the sum of $9,370.98 as the net surplus after making all deductions from the gross surplus including the sum of $220,000, the actual value of its United States bonds, and all other deductions for property taxable elsewhere, and the value of the real estate owned by respondent. (*People ex rel.* v. *Coleman,* 135 N. Y. 231.)

17

130 Peo. ex rel. Bridgeport Sav. Bank *v.* Barker. [Oct.,

Opinion of the Court, per Bartlett, J. .     [Vol. 154.

*Esek Cowen* for respondent.   Under section 5214 of the United States Revised Statutes, holders of national bank stock are to be taxed in the state where the bank is located on the same terms as capital is taxed in the hands of individual citizens of the state.   A citizen of New York can offset his debts against an assessed valuation of his personal property.   A foreign savings bank can do the same thing, and the amounts owing for deposits in such savings banks are debts due to its depositors.   (*People* v. *M. & T. S. Inst.*, 92 N. Y. 7; L. 1875, ch. 371, § 38; *Eaves* v. *P. S. Bank*, 27 Conn. 232; *People ex rel.* v. *Coleman*, 135 N. Y. 235.)   The assets of a foreign savings bank, invested in this state can, in any event, only be taxed to an amount equal to the surplus of the taxable property of the bank over its deposits.   As the relator in this case has no such surplus, the assessment was properly vacated. (*People ex rel.* v. *Coleman*, 135 N. Y. 231.)

Bartlett, J.   The relator is a Connecticut corporation and was, in 1894, the owner of certain shares of stock of national and state banks doing business in the city of New York, the market value of which was $49,934.   The defendants assessed the relator upon the total amount of this stock.   Application was duly made to the defendants to vacate this assessment, on the ground that the just debts of the relator exceeded the aggregate value of the shares.   This application was refused.

The Special Term reviewed the assessment on certiorari and vacated it upon the ground that it was illegal, erroneous and void.   This order was unanimously affirmed by the Appellate Division.

The learned counsel for the defendants discussed upon this appeal two propositions, viz.: First, that the relator is not entitled to have deducted from its total gross assets, as a liability, the amount of its deposits, upon the theory that it is a debt; second, that the relator is not entitled to have deducted from its apparent surplus, as an investment in property not taxable, $220,000, representing the market value of the United States bonds held by it.

As to the first proposition, it has been decided by this court that the primary relation of a depositor in a savings bank to the corporation is that of creditor and not that of a beneficiary of a trust. (*People* v. *Merchants and Traders' Savings Institution*, 92 N. Y. 7.)

The bank is liable to pay the depositor the amount of his deposit as a debt. This being so, it follows that the amount is to be deducted from the gross assets as a liability.

As to the second proposition, we think the value of the United States bonds should be deducted from the apparent surplus.

The Banking Law of this state requires the shares of national and state banks to be assessed in the place where the bank is located whether the stockholder resides there or not, but he is to be accorded all deductions and exceptions allowed by law in assessing the value of other taxable personal property owned by the individual citizen of the state. (L. 1882, ch. 409, § 312.)

The individual citizen is allowed to deduct from the value of his personal property his debts and such stocks as are otherwise taxable, and such other property as is exempt by law from taxation.

In the case of the individual the amount invested in United States bonds would be deducted if held in good faith. It is urged in the case at bar by the commissioners that if the amount due depositors is deducted from the gross assets as a liability it must have included the United States bonds owned by the relator, as they were doubtless purchased with money received on deposit, and that to deduct the amount again would be to deduct $220,000 of the deposits twice.

We do not think this reasoning is sound.

In ascertaining its apparent surplus the relator is entitled to deduct the amount due depositors as a liability, and from that apparent surplus are to be deducted all the allowances accorded the private citizen in the assessment of his personal property. If the relator elects in good faith to invest its apparent surplus in securities that are not taxable under the laws of this state

the assessing officer is bound by the statute to recognize its right to do so.

This rule of assessment has been repeatedly followed in this state. (*People ex rel. Savings Bank of New London* v. *Coleman*, 135 N. Y. 231.)

It is unnecessary to go over in detail the figures in this case which have led the court below to hold that, in the year 1894, the relator had no net surplus which was properly taxable.

The learned counsel for the relator, while not conceding that the figures of the appellants' brief are correct, insists that they show, when corrected, that the debts exceed the taxable assets as follows :

| | | |
|---|---:|---:|
| Gross assets | $4,089,343 | 33 |
| Deduct item of "profit and loss," improperly treated as an asset | 34,322 | 79 |
| True gross assets | $4,055,020 | 54 |
| Deduct liabilities | 3,722,765 | 75 |
| Apparent surplus | $332,254 | 79 |
| Deduct exemptions as stated by defendants' counsel, which includes U. S. bonds | 357,206 | 60 |
| Excess of liabilities | $24,951 | 81 |

The counsel for defendants insists that the second item in the above statement, called "profit and loss," which was treated as a liability in the return to the writ of certiorari herein, is an asset. If this position is sound it would leave a net surplus of $9,370.98.

We find nothing in the record which justifies the contention that this item of "profit and loss" is an asset, and an inspection of the original account contained in the return seems to indicate that it is a mere fiction of bookeeping in balancing the books, and ought not to appear on either side of the account.

The order appealed from should be affirmed, with costs.

All concur.

Order affirmed.