The People of the State of New York ex rel. Martin Heermance and Others, Constituting the State Board of Tax Commissioners, Appellants, v. Addison E. Dederick, as Assessor of the City of Kingston, Respondent.

*Tax — depositors in savings banks are not taxable on their deposits — the exemption contained in subdivision 14 of section 4 of the Tax Law does not apply to the banks.*

A depositor in a savings bank in the State of New York is not subject to assessment and taxation for the amount of his deposit, the same being exempt under the provisions of subdivision 14 of section 4 of the Tax Law (Chap. 908 of the Laws of 1896).

The phrase "deposits in any bank for savings which are due depositors," contained in such subdivision, is not to be construed as intended to exempt the savings bank from liability to taxation upon such deposits, as such deposits are debts owing by the bank upon which the latter is exempt from taxation under subdivision 4 of section 21 of the Tax Law, providing that in assessing personal property all just debts of the owner are to be deducted; and the bank being thus exempt under subdivision 4 of section 21, it cannot be assumed that subdivision 14 of section 4 of the Tax Law was intended to apply to it.

Landon and Putnam, JJ., dissented.

Appeal by the relators, Martin Heermance and others, from an order of the Supreme Court, made at the Columbia Special Term and entered in the office of the clerk of the county of Albany on

the 27th day of June, 1898, denying their application for a writ of mandamus directed to Addison E. Dederick, as assessor of the city of Kingston, commanding him to place upon the assessment roll of said city the names of all persons, residents in his tax district, who are depositors in savings banks, and who claim exemption from assessment and taxation solely upon the ground that deposits in savings banks are exempt by law, and that he assess against such persons the amount of such savings bank deposits.

*T. E. Hancock, Attorney-General,* and *J. Newton Fiero,* for the appellants.

*John W. Searing* and *Geo. W. Wickersham,* for the respondent.

PARKER, P. J.:

The regularity of this proceeding is not questioned by either party. It seems to be a mode agreed upon by them, by which to bring before the court the question over which they differ, and we do not, therefore, express any opinion upon that subject.

The question which we are called upon to consider is whether one who has deposited money in a savings bank within this State is liable to be assessed and taxed for the amount deposited. It is conceded that such amount is subject to be assessed as property of the depositor and liable to taxation unless it is expressly exempted by the provisions of subdivision 14 of section 4 of the Tax Law (Chap. 908 of the Laws of 1896.) The section relied upon by the respondent reads as follows:

"§ 4. The following property shall be exempt from taxation:    *    *    *

"14. The deposits in any bank for savings which are due depositors, the accumulations in any domestic life insurance corporation, held for the exclusive benefit of the insured, other than real estate and stocks, now liable for taxation; and the accumulations of any incorporated co-operative loan association upon the shares of such association held by any person."

Here seems to be a very clear intent to exempt entirely from taxation the property therein described as "deposits in any bank for savings which are due depositors." There is no difficulty in determining that whatever was meant by the phrase "deposits due depos-

itors" must be exempted from taxation wherever found, and when we shall have ascertained the correct meaning of that phrase, the question presented will have been solved.

It has been repeatedly, and for a long time, held that the relation existing between a savings bank and its depositors is that of debtor and creditors. In *People* v. *Mechanics & Traders' Savings Institution* (92 N. Y. 7) Judge ANDREWS says: "The primary relation of a depositor in a savings bank, to the corporation, is that of creditor and not that of a beneficiary of a trust," and the same relation has been declared in many other cases. (*Fowler* v. *Bowery Savings Bank,* 113 N. Y. 450, 455.)

This relation is an important factor in construing the section in question. Such being the relation, when a deposit is made the ownership of the money passes to the bank and becomes a part of its assets. In exchange therefor there accrues to the depositor by force of the contract of deposit an indebtedness against the bank to the extent of the amount deposited. Subdivision 4 of section 2 of the Tax Law declares that such a debt is personal property, and hence upon such a deposit there arises two species of property, each liable to taxation — one the money which is left with and has become the property of the bank, and the other the debt which has accrued to and become the property of the depositor.

Which of these two properties is intended by the use of the words "deposits which are due depositors?" It is urged upon us that by the word "deposits" is meant the money received by the bank, or the securities into which it has been converted, and that inasmuch as these are the property of the bank the exemption extends to the bank alone. This construction is based upon the idea that the mere purpose of this section is to relieve against the double taxation which would otherwise result. It is claimed that the Legislature might well relieve from taxation at the place where the bank was located the amount of its deposits, but that, in view of the immense amount to which such deposits have reached throughout the State, the reasonable supposition is that the Legislature intended to retain them as taxable property in the hands of the depositors and wherever they might reside. This conclusion, although sustained by the reasoning of that eminent jurist who wrote the opinion in the case of *People ex rel. Savings Bank* v.

*Coleman* (135 N. Y. 231), and adopted by the Appellate Division of this court in the second department, is one in which I cannot concur.

The Tax Law enacted in 1896 repeals all the various laws regulating the levying of taxes in this State, and constitutes a complete system in itself. By section 21, subdivision 4, of that act, it is provided that in assessing personal property the full value thereof owned by each person shall be set down by the assessors in the fourth column of their roll " after deducting the just debts owing by him." Here is a provision applicable to savings banks as well as to all other persons, that in assessing any personal property the whole amount of the owner's just debts shall be deducted from the value thereof. The amount of its deposits being debts justly due from a savings bank, the whole thereof must be deducted from the total of its assets. In other words, section 21 provides that the assessors must not include the " deposits due to depositors " in fixing the amount of personal property for which the bank is to be taxed. This section furnishes complete exemption to the bank from taxation upon its assets, to the extent of its deposits due depositors, and thoroughly protects against the double taxation referred to.

The subdivision 14, above quoted, was, therefore, not needed to protect against double taxation, and very clearly we are not at liberty to suppose that such was its purpose.

The cases of *People ex rel. Savings Bank* v. *Coleman* (135 N. Y. 231) and *People ex rel. Groton Savings Bank* v. *Barker* (154 id. 122) are not authority upon the question here presented, except so far as they recognize the existence of the relation of debtor and creditor between the bank and the depositor. In each case the exemption claimed by the bank was not for its deposits, but for its surplus accumulations. In the latter case it was held that such accumulations were not liable to taxation because the bank was indebted to the depositors therefor, and while there are some expressions in the opinion indicating that such exemption resulted from the provisions of section 4, chapter 456 of the act of 1857, which was then in force and is similar in its language to subdivision 14 above quoted, yet from the whole case it is apparent that the relief against such taxation arose from the provisions of chapter 202 of the Laws of 1892 (amending section 9 of article 2 of title 2 of

chapter 13 of part 1 of the Revised Statutes, and section 4 of chapter 411 of the Laws of 1885), which, like section 21 of the Tax Law, required the assessors to deduct all just debts from the valuation of the property assessed. As a matter of fact the act of 1857 was not at all controlling upon the question presented in either of these cases. This very clearly appears from the case of *People ex rel. Bridgeport Savings Bank* v. *Barker* (154 N. Y. 128) where the counsel for the bank puts his claim upon the distinct proposition that any citizen " can *offset* his debts against an assessed valuation of his personal property," and that the amounts owing for deposits in a savings bank are debts due to its depositors. The Court of Appeals sustained this claim, saying : " The bank is liable to pay the depositor the amount of his deposit as a debt. This being so, it follows that the amount is to be deducted from the gross assets as a liability." (See, also, the case at Special Term, 17 Misc. Rep. 180.)

Thus the question is settled that " deposits due to depositors " are debts against the savings bank, which, *like any citizen*, it has the right to set off against the valuation of its taxable personal property. And this right is secured to it by the 21st section of the present Tax Law. Reading this section, as we must, in connection with the 14th subdivision, we are practically forced to the conclusion that the Legislature did not, by the phrase in question, intend to refer to the assets of the bank. Such assets, or so much of them as should equal the amount due depositors, the assessors were, by another section, prohibited from putting upon the assessment roll. The exemption intended was evidently something other than that, and an intelligent construction requires that some other meaning be given to the phrase. There is but one other meaning that can be given to it. Section 4, of which subdivision 14 is a part, specifies the general exemptions which are allowed by the scheme of taxation created by the act, and the language of subdivision 14 is as applicable to individuals as to a bank. The words " deposits in any bank for savings which are due depositors " describe the property of the depositor fully as accurately as they do the property of the bank, and, as they cannot in reason refer to the latter, we must accept the conclusion that the former was intended.

Finding, as I do, in the language of the statute itself, so clear an intent to exempt depositors in savings banks from taxation on their deposits, it would be neither useful nor proper to discuss the propriety of the exemption. I do not forget the rule that the intent to exempt " may not be presumed, but must be found plainly expressed in the statutes " (*People ex rel. Twenty-third Street R. R. Co.* v. *Commissioners of Taxes of N. Y.*, 95 N. Y. 557), but, as I have said above, the intent to exempt from all taxation, and wherever found, that species of property designated as " deposits in any bank for savings which are due depositors " cannot be doubted, and, for the reasons above given, I think the meaning of that phrase, and the intent of the Legislature is too clear to be changed by judicial construction.

The order denying the mandamus was, therefore, correct, and should be affirmed.

All concurred, except LANDON and PUTNAM, JJ., dissenting.

LANDON, J. (dissenting):

I dissent.  When a deposit is made the money deposited is the property of the bank.  The bank owes the depositor the amount of the deposit, and the statute exempting " the deposits due depositors " is satisfied by allowing the bank to deduct the amount from the property it acquired by the deposit itself.  The depositor being the creditor of the bank has property in the credit.  As statutes of exemption from general taxation must be strictly construed in favor of the State and against the individual, the depositor is by strict construction excluded from the exemption.

Order affirmed, with ten dollars costs and disbursements.