PEOPLE ex rel. HEERMANCE et al. v. DEDERICK.

(Supreme Court, Appellate Division, Third Department. November 16, 1898.)

DEPOSITS IN SAVINGS BANK—TAXATION—EXEMPTIONS.

Laws 1896, c. 908, § 4, subd. 14, exempting from taxation "the deposits in any bank for savings which are due depositors," applies to the taxation of such deposits as the property of the depositors, since a deposit creates the relation of debtor and creditor, a debt is personal property, and section 21, subd. 4, provides that in assessing "personal property" the full value thereof owned by each person shall be assessed, "after deducting the just debts owing by him," so that the latter section furnishes complete exemption to the bank, and hence the former provision must be construed to exempt the depositor, in order to give it any meaning.

Landon and Putnam, JJ., dissenting.

Appeal from special term.

Application by the people, on relation of Martin Heermance and others, constituting the state board of tax commissioners, against Addison E. Dederick, as assessor of the city of Kingston, for a writ of mandamus. From an order of the special term denying the writ, petitioners appeal. Affirmed.

Argued before PARKER, P. J., and LANDON, HERRICK, MERWIN, and PUTNAM, JJ.

T. E. Hancock, Atty. Gen. (J. Newton Fiero, of counsel), for appellants.

John W. Searing (Geo. W. Wickersham, of counsel), for respondent.

PARKER, P. J.   The regularity of this proceeding is not questioned by either party.   It seems to be a mode agreed upon by them by which to bring before the court the question over which they differ, and we do not, therefore, express any opinion upon that subject.   The question which we are called upon to consider is whether one who has deposited money in a savings bank within this state is liable to be assessed and taxed for the amount deposited.   It is conceded that such amount is subject to be assessed as property of the depositor, and liable to taxation, unless it is expressly exempted by the provisions of subdivision 14 of section 4 of the tax law (chapter 908 of the Laws of 1896).   The section relied upon by the respondent reads as follows:

"Sec. 4. The following property shall be exempt from taxation: * * * Subd. 14. The deposits in any bank for savings which are due depositors, the accumulations in any domestic life insurance corporation, held for the exclusive benefit of the insured, other than real estate and stocks, now liable for taxation; and the accumulations of any incorporated co-operative loan association upon the shares of such association held by any person."

Here seems to be a very clear intent to exempt entirely from taxation the property therein described as "deposits in any bank for savings which are due depositors."   There is no difficulty in determining that whatever was meant by the phrase "deposits * * * due depositors" must be exempted from taxation, wherever found; and, when we shall have ascertained the correct meaning of that phrase, the question presented will have been solved.   It has been repeatedly and for a long time held that the relation existing between a savings bank and its depositors is that of debtor and creditors.   In People v. Mechanics' & Traders' Sav. Inst., 92 N. Y. 7, Judge Andrews says, "The primary relation of a depositor in a savings bank to the corporation is that of a creditor, and not that of a beneficiary of a trust;" and the same relation has been declared in many other cases.   Fowler v. Bank, 113 N. Y. 450, 453, 21 N. E. 172.   This relation is an important factor in construing the section in question.   Such being the relation, when a deposit is made the ownership of the money passes to the bank, and becomes a part of its assets.   In exchange therefor there accrues to the depositor, by force of the contract of deposit, an indebtedness against the bank, to the extent of the amount deposited.   Subdivision 4 of section 2 of the tax law declares that such a debt is personal property; and hence upon such a deposit there arise two species of property, each liable to taxation,—one, the money which is left with, and has become the property of, the bank; the other, the debt which has accrued to, and become the property of, the depositor.   Which of these two properties is intended by the use of the words "deposits * * * which are due depositors"?   It is urged upon us that by the word "deposits" is meant the money received by the bank, or the securities into which it has been converted, and that, inasmuch as these are the property of the bank, the exemption extends to the bank alone.   This construction is based upon the idea that the mere purpose of this section is to relieve against the double taxation which would otherwise result.   It is claimed that the legislature might well relieve from taxation, at the place where the bank was located, the

amount of its deposits, but that, in view of the immense amount to which such deposits have reached throughout the state, the reasonable supposition is that the legislature intended to retain them as taxable property in the hands of the depositors, and wherever they might reside. This conclusion, although sustained by the reasoning of that eminent jurist who wrote the opinion in the Coleman Case, 135 N. Y. 231, 31 N. E. 1022, and adopted by the appellate division of this court in the Second department, is one in which I cannot concur. The tax law enacted in 1896 repeals all the various laws regulating the levying of taxes in this state, and constitutes a complete system in itself. By section 21, subd. 4, of that act, it is provided that in assessing personal property the full value thereof owned by each person shall be set down by the assessors in the fourth column of their roll, "after deducting the just debts owing by him." Here is a provision, applicable to savings banks as well to all other persons, that in assessing any personal property the whole amount of the owner's just debts shall be deducted from the value thereof. The amount of its deposits being debts justly due from a savings bank, the whole thereof must be deducted from the total of its assets. In other words, section 21 provides that the assessors must not include the "deposits due to depositors," in fixing the amount of personal property for which the bank is to be taxed. This section furnishes complete exemption to the bank from taxation upon its assets, to the extent of its deposits due depositors, and thoroughly protects against the double taxation referred to. Subdivision 14, above quoted, was therefore not needed to protect against double taxation; and, very clearly, we are not at liberty to suppose that such was its purpose. The cases of People v. Coleman, 135 N. Y. 231, 31 N. E. 1022, and People v. Barker, 154 N. Y. 122, 47 N. E. 1103, are not authority upon the question here presented, except so far as they recognize the relation of debtor and creditor between the bank and the depositor. In each case the exemption claimed by the bank was not for its deposits, but for its surplus accumulations. In the latter case it was held that such accumulations were not liable to taxation, because the bank was indebted to the depositors therefor; and while there are some expressions in the opinion indicating that such exemption resulted from the provisions of section 4 of chapter 456 of the act of 1857, which was then in force, and is similar in its language to subdivision 14, above quoted, yet from the whole case it is apparent that the relief against such taxation arose from the provision of chapter 202 of the Laws of 1892, which, like section 21 of the tax law, required the assessors to deduct all just debts from the valuation of the property assessed. As a matter of fact, the act of 1857 was not at all controlling upon the question presented in either of those cases. This very clearly appears from the case of People v. Barker, 154 N. Y. 128, 47 N. E. 973, where the counsel for the bank puts his claim upon the distinct proposition that any citizen "can offset his debts against an assessed valuation of his personal property," and that the amounts owing for deposits in a savings bank are debts due to its depositors. Page 130, 154 N. Y., and page 973, 47 N. E. The court of appeals sustains this claim, saying:

"The Lank is liable to pay the depositor the amount of his deposit, as a debt. This being so, it follows that the amount is to be deducted from the gross assets, as a liability."

See, also, the case at special term.    17 Misc. Rep. 180, 40 N. Y. Supp. 1001.

Thus, the question is settled that "deposits due to depositors" are debts against the savings bank, which, like any citizen, it has the right to set off against the valuation of its taxable personal property; and this right is secured to it by the twenty-first section of the present tax law. Reading this section, as we must, in connection with the fourteenth subdivision, we are practically forced to the conclusion that the legislature did not, by the phrase in question, intend to refer to the assets of the bank. Such assets, or so much of them as should equal the deposits due depositors, the assessors were, by another section, prohibited from putting upon the assessment roll. The exemption intended was evidently something other than that, and an intelligent construction requires that some other meaning be given to the phrase. There is but one other meaning that can be given to it. Section 4, of which subdivision 14 is a part, specifies the general exemptions which are allowed by the scheme of taxation created by the act, and the language of subdivision 14 is as applicable to individuals as to a bank. The words, "deposits in any bank for savings which are due to depositors," describe the property of the depositor fully as accurately as they do the property of the bank; and as it cannot, in reason, refer to the latter, we must accept the conclusion that the former was intended. Finding, as I do, in the language of the statute itself, so clear an intent to exempt depositors in savings banks from taxation on their deposits, it would be neither useful nor proper to discuss the propriety of the exemption. I do not forget the rule that the intent to exempt "must not be presumed, but must be found plainly expressed in the statute." People v. Commissioners of Taxes of New York, 95 N. Y. 557. But, as I have said above, the intent to exempt from all taxation, and wherever found, that species of property designated as "deposits in any bank for savings which are due depositors," cannot be doubted; and, for the reasons above given, I think the meaning of that phrase, and the intent of the legislature, are too clear to be changed by judicial construction.

The order denying the mandamus was therefore correct, and should be affirmed.

Order affirmed, with $10 costs and disbursements. All concur, except LANDON and PUTNAM, JJ., dissenting.

LANDON, J. I dissent. When a deposit is made, the money deposited is the property of the bank. The bank owes the depositor the amount of the deposit, and the statute exempting "the deposits due depositors" is satisfied by allowing the bank to deduct the amount from the property it acquired by the deposit itself. The depositor, being the creditor of the bank, has property in the credit. As statutes of exemption from general taxation must be strictly construed in favor of the state and against the individual, the depositor is, by strict construction, excluded from the exemption.