In the Matter of TODD SHIPYARDS CORPORATION, Petitioner, v STATE TAX COMMISSION, Respondent.

Third Department, May 13, 1976

*Cullen & Dykman (Robert B. Lisle* and *Ernest A. Goetz, Jr.,* of counsel), for petitioner.

*Louis J. Lefkowitz, Attorney-General (John F. Forner, Jr.* and *Ruth Kessler Toch* of counsel), for respondent.

MAHONEY, J. The petitioner is a New York corporation engaged in the business of construction, conversion and repair of commercial vessels engaged in interstate and foreign commerce both within and without the State. During the tax period in question petitioner purchased materials and services including safety equipment, tools, electrical supplies, stationary and similar supplies, all of which were used by petitioner's employees in working upon vessels owned by third parties or

in the maintenance of petitioner's dry docks and shipyard facilities. On December 18, 1969 petitioner filed an application for a refund of State and local sales or use tax contending that such materials, supplies and services used by it in furtherance of its business were not subject to taxation. After hearing, the respondent commission determined that petitioner's purchases did not qualify as exemptions under section 1115 (subd [a], par [8]) or exclusions under section 1105 (subd [c], par [3]) of the Tax Law. This proceeding ensued.*

Since petitioner stipulated that none of the materials, supplies and services with respect to which the tax is in dispute were used directly for, nor did they become part of, a commercial vessel being repaired, converted or constructed, the determination under attack must be sustained. Clearly, the costs of tangible personal property and services by one engaged in the repair of vessels engaged in interstate and foreign commerce are taxable under section 1105 of the Tax Law. One who claims the exemption or the exception (Tax Law, § 1115, subd [a], par [8]; § 1105, subd [c], par [3]) from the imposition of the sales and use tax has the burden of pointing to some provision of law supporting his position *(People ex rel. Savings Bank of New London v Coleman,* 135 NY 231, 234). Herein, the sections of the Tax Law relied upon by petitioner exempt (property) and except (services) from the subject tax only when such property and services are sold to an individual whose vessel is being repaired, or are physically incorporated as a component of a commercial vessel. To hold otherwise would be tantamount to immunizing all drydocks and shipyards from sales and use taxes in connection with all materials, supplies and services used by them in their business. The petitioner has failed to sustain the burden of proving that respondent erred in construing the appropriate provisions of the Tax Law *(Matter of Young v Bragalini,* 3 NY2d 602; *People ex rel. Hull v Graves,* 289 NY 173, 177). Further, petitioner is not an organization specifically exempted from the provisions of the sales and use tax (Tax Law, § 1116).

The determination should be confirmed, and the petition dismissed, without costs.

GREENBLOTT, J. P., KANE, MAIN and HERLIHY, JJ., concur.

---

* Since petitioner concedes that either all or none of its itemized materials, supplies and services are taxable, the issue presented is one of law and not whether the decision of the Tax Commission was supported by substantial evidence. The proceeding was improperly transferred. Nevertheless, we shall dispose of the proceeding.

Determination confirmed, and petition dismissed, without costs.