The circumstances of aggravation which would warrant a jury in giving exemplary damages are sufficiently alleged, and the plaintiff should have had an opportunity to prove them as he requested.

For these reasons we think that the court was in error in its ruling that nothing more than twenty-five dollars damages could be recovered, and there should be a new trial, with costs to the appellant to abide the event.

PATTERSON, O'BRIEN, INGRAHAM and PARKER, JJ., concurred.

Judgment reversed, new trial ordered, costs to appellant to abide event.

---

THE PEOPLE OF THE STATE OF NEW YORK ex rel. THE GROTON SAVINGS BANK, Respondent, *v.* EDWARD P. BARKER and Others, Commissioners of Taxes and Assessments of the City of New York, Appellants.

*Taxation — method of assessing a foreign savings bank upon its bank stock in the State of New York — the amount due its depositors is to be deducted — securities are to be taken at their actual market value.*

In estimating the property of a foreign savings bank, taxable in this State, the amount due by it to its depositors must be deducted from the gross assets

In ascertaining whether a savings bank incorporated under the laws of another State, and holding bank shares in the State of New York, is liable to be assessed thereon for the purposes of taxation, the assessors must deduct all its liabilities from the total value of its assets, and from the surplus thus found deduct all the property not taxable anywhere, all its property taxable elsewhere, and all real estate and cash held by it; and if the residue equals the value of the bank shares held by the bank in this State, such shares are taxable.

In estimating the assets of the bank, however, securities owned by the bank must be taken at their actual and not at their par or "book" value.

APPEAL by the defendants, Edward P. Barker and others, commissioners of taxes and assessments of the city of New York, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 13th day of June, 1896, vacating an assessment on certain bank stock held by the relator.

*James M. Ward,* for the appellants.

*Esek Cowen,* for the respondent.

RUMSEY, J. :

The Groton Savings Bank, the relator herein, is a corporation chartered under the laws of the State of Connecticut. Among its assets are shares of stock in certain banks of the city of New York. In the year 1894 the appellants here, who are the commissioners of taxes of the city of New York, assessed these shares of stock against the relator for taxation, pursuant to the provisions of section 312 of chapter 409 of the Laws of 1882. The relator, being dissatisfied with the action of the commissioners of taxes, commenced this proceeding to review it and to procure an order vacating the assessment. The ground upon which the assessment was held to be erroneous, among others, was that the commissioners in fixing the amount at which the relator should be taxed for its bank shares, had not deducted from the gross assets of the relator the value of its property taxable elsewhere or not taxable and its real estate and the debts of the relator, which it is claimed, if deducted, would amount to more than the value of the assets of the relator, including the bank shares; and for that reason it could not be subjected to taxation. The commissioners made a return to the writ upon which a hearing was had before the Special Term. As the result of that hearing the assessment was vacated, and from the order vacating that assessment the commissioners have taken this appeal. The question presented by the writ and return is whether, after making such deductions from the gross assets of the Groton Savings Bank as are required by the law, the surplus subject to taxation is equal to or greater than the amount assessed against its bank stock held in this city. It was claimed upon the hearing by the commissioners of taxes that the amounts due to depositors from a savings bank were not debts which should be deducted from its gross assets, but were more in the nature of trust funds held by the bank for the benefit of the depositors, and that they should not be deducted from the amount of its gross assets in ascertaining the value of its taxable property. This seems to have been the principal question examined by the learned justice who decided it at the Special Term. In what he says upon that subject we concur. We agree with him that the amount due to such depositor from a savings bank is a debt of the bank, and that in the valuation of its property for taxation, such a

66 PEOPLE ex rel. GROTON SAV. BANK *v.* BARKER.

First Department, June Term, 1897. [Vol. 19.

debt is to be deducted. We find no reason to add anything to his learned opinion upon that point. If that were the only question presented in the case the action of the Special Term would undoubtedly be correct, but that is not the only question to be examined.

The claim of the relator is that, after making all proper deductions, its assets liable to taxation were not equal to the amount assessed against it for its bank stock in this city. The claim of the commissioners on the other hand was, not only that these deposits should not be deducted; but if they were, yet, after subtracting them and all other proper items from the assets there was still left a surplus more than sufficient to warrant the assessment made against the relator for its bank stock in this city. So, for a proper determination of the case, it is necessary to inquire into the gross amount of assets of this bank as they are made to appear by the record, and also what are the proper deductions, and to see whether, after making such deductions, there is any surplus left liable to taxation. The rule of law applicable to these cases is settled by the Court of Appeals in the case of *The People ex rel. Savings Bank of New London* v. *Coleman* (135 N. Y. 231). The question presented in that case was as to the manner of ascertaining the amount properly assessable against a savings bank in the State of Connecticut for bank shares of New York banks held by it. The rule laid down by the Court of Appeals is, that the assessors shall take in the first place the total value of all the assets of the bank, and that they shall deduct from that sum all its liabilities and thus ascertain its surplus. From this surplus they should deduct all the property not taxable anywhere, all its property taxable elsewhere, and all real estate and cash held by it, and thus ascertain the taxable surplus. If that surplus is equal to the value of the shares of the banks in the State of New York, then, upon the facts appearing in this case, as upon the facts appearing in the case of *The People ex rel. Savings Bank of New London* v. *Coleman* (*supra*), the assessment was properly laid.

In ascertaining the gross assets of this bank, we must take the actual value of the assets so far as they are made to appear. Some of the securities owned by this bank are worth considerably more than their par value, or than what is called by the banks their book value; and, in considering the actual value of the assets, we should

take their actual value and not the book value as returned by the officers of the bank. The assets of the bank thus estimated are as follows :

| | |
|---|---:|
| Loans on real estate | $398, 926 00 |
| Town, city and corporation bonds and notes | 144, 165 00 |
| R. R. bonds | 172, 700 00 |
| Bank stock in Conn | 10, 660 00 |
| Bank stock in Mo | 3, 220 00 |
| Bank stock in N. Y., assessed value | 43, 364 00 |
| Real estate | 24, 091 98 |
| Cash in bank | 2, 950 13 |
| Cash on hand | 103 50 |
| Expense account | 430 00 |
| | $800, 610 61 |

From that are to be deducted the debts of the bank, which, in this case, are only its deposits. Those debts are $701,512.23. Deducting that amount from the gross assets, leaves a surplus of $99,098.38. From that is to be deducted the real estate which is situated in Connecticut, valued at $24,091.98, the bank stock in Connecticut, $10,660, the bank stock in Missouri, $3,220, and the cash on hand, $103.50. These items of deductions amount to $38,065.48. Deducting this from the surplus of $99,098.38, we find a surplus of property for taxation of $61,032.90. This surplus is greater in amount than the assessed valuation of the bank stock in New York, which is $43,364. Therefore, the action of the commissioners in assessing the relator for its bank stock in this city was warranted by a consideration of its net assets, after making all proper deductions ; and, therefore, the order of the Special Term vacating the assessment must be reversed and the writ of certiorari dismissed and the assessment confirmed, with fifty dollars costs and disbursements.

Van Brunt, P. J., Williams, Patterson and Ingraham, JJ., concurred.

Order reversed, writ dismissed and assessment confirmed, with fifty dollars costs and disbursements.