---

(19 App. Div. 596.)

PEOPLE ex rel. MALCOM BREWING CO. v. BOARD OF ASSESSORS OF CITY OF BROOKLYN.

(Supreme Court, Appellate Division, Second Department. July 7, 1897.)

1. TAXATION—CORPORATIONS—PERSONAL ASSETS.

Where the value of the personal assets of a company cannot be definitely ascertained for the purpose of taxation, and the company pays no dividends, and has suffered business losses, such value may be fixed as the market value of its capital stock, less the assessed value of its real estate.

2. SAME—GOOD WILL—REAL ESTATE.

Where there has been no depreciation in the value of its real estate and fixtures, the company cannot diminish its liability for taxation by charging off a certain amount from these accounts to the account of good will, which is not taxable.

Appeal from special term, Kings county.

Special statutory proceeding, on the relation of the Malcom Brewing Company, for a writ of certiorari to review the proceedings and determinations of the assessors of the city of Brooklyn in making an assessment on the capital stock and surplus profits of relator for the year 1896. From an order vacating the assessment, and directing a reassessment, both parties appeal. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

Charles H. Otis, for relator.

Rollin A. Breckinridge, for board of assessors.

CULLEN, J. Although we do not concur in the reasons given by the special term for the order made by it in this proceeding, yet we are of opinion that the order was properly made. The difficulty in ascertaining the true financial condition of the relator is vastly increased by the confused and peculiar character of the balance sheet produced before the assessors. The counsel on both sides, in presenting the case before us, have taken from the balance sheet the various items of assets and liabilities, and from them argued in support of their respective contentions. As an examination of the balance sheet will show that the question of the financial condition of the company depends upon the correctness of but few items, I find it more convenient to take the balance sheet as a basis from which to work, and strike off such credits or charges as are disputed. By this balance sheet it appears that if its assets were all real, and convertible at the value stated, the relator would have its capital stock, unimpaired, $320,000; undivided gains, $101,139.56; and a suspense account of $197,956.93. The officers of the relator testified that the suspense account was worthless. This would leave simply the capital stock and undivided gains. But on the side of resources there are stated some credits, which the counsel for the relator insists were not real assets, and should be stricken from the account. The elimination of these amounts would, of course, reduce the capital stock and undivided gains to the same extent. There are three items of losses previous to November, 1895, amounting in the aggregate to $61,865.46, which are carried in the balance sheet as resources, but on what principle I do not know. These are plainly fictitious or bookkeeping entries, and are in no sense assets. These should be stricken out. In the list of resources there are two items of "good will,"—one of $71,807.60, the other of $80,000. If these items were in fact valuations of the good will of the business, they also should be stricken out, for the relator is not assessable for the value of any supposed good will. But these items, in fact, do not proceed from supposed valuations of good will. The testimony shows that the item of $71,807.60 was the amount of previous losses in the business, and that good will was

credited with the amount of such loss simply to make a good showing of the condition of the company. It was therefore also a fictitious or bookkeeping entry, and in no sense a resource or asset. The item of $80,000 proceeds from another source. It appears that the relator charged off the amount of this item from the accounts of real estate and fixtures, and placed it to the account of good will. The question which this action presents is not whether the good will was properly credited with this amount, for a company may value the good will of its business at any sum, real or fictitious, as it is not liable for taxation. If the stockholders of the company are satisfied with this method of bookkeeping, it is of no concern to the assessors or the courts. But the real question is whether the relator had the right to diminish the accounts of real estate and fixtures to this amount, for such assets are taxable. It would be a very convenient way to avoid taxation for a corporation to charge off its accounts for actual property, and credit the amounts to good will. The evidence fails to show a depreciation in the value of either the real estate or fixtures, which justified charging this amount, at least in whole, to these accounts. Thus, the whole dispute is narrowed down to the propriety of this charge to the real estate and fixture accounts, and to the worthlessness of the suspense account. The determination of these controverted matters by the assessors will afford a basis on which an assessment should properly be made.

In our judgment, in this case probably the wisest way to arrive at the true value of the assets of the relator would have been to ascertain the market value of its stock. This source of information can still be resorted to, where the value of the assets of a company cannot be definitely ascertained. The company pays no dividends, and it has evidently made business losses, and its share stock sells for only 70 per cent. Assuming the capital of the company to be impaired to the extent indicated by the depreciation in the value of its stock, its liability for assessment would be thus stated:

Capital stock, $320,000, at 70 per cent................................$224,000
Less assessed value of real estate...................................  191,000
                                                                       ————————
                                                                        $33,000

This balance should be assessed at the same rate as other property; but no diminution should be made therefor on account of any supposed good will of the business, because it is apparent that it has no good will of any value which enters into the market price of the stock.

The order appealed from should be affirmed, without costs to either party. All concur.