(25 Misc. Rep. 539.)

PEOPLE ex rel. CORNELL STEAMBOAT CO. v. DEDERICK.

(Supreme Court, Special Term, Greene County. December, 1898.)

1. TAXATION—ASSESSMENT ON EVIDENCE OUTSIDE RECORD—CERTIORARI—RETURN.

Where an assessor makes inquiries other than stated in his return on a certiorari to review a tax assessment, on which he acted, he should inform the court as to such inquiries, and state the information he obtained on which he based his decision.

2. SAME.

Where an assessor disbelieves sworn statements made to him in making an assessment, he must return the information inducing such disbelief, so that the court may understand on what he acted.

3. SAME.

If assessors rely on facts, in making an assessment, that have not appeared in the proceeding, they must, in their return on a written certiorari to review the assessment, state such facts, as it is not sufficient to state that they had other information, which they preferred to accept.

4. SAME—PAYMENT OF INTEREST AND DIVIDENDS—PRESUMPTION.

An assessor can rely on the presumption that the capital stock of a company is unimpaired, where such capital stock is all paid in, and the company pays interest on its indebtedness and declares dividends, unless the evidence is sufficient to overcome such presumption.

5. SAME—EVIDENCE.

The presumption that a company's capital is unimpaired, arising from its payment of interest on its indebtedness and dividends, is overcome by proof that the market value of its property is less than its indebtedness, and that it is enabled to make such payments by reason of the good will of other concerns it had purchased, and the personnel of its management.

6. SAME—ILLEGAL ASSESSMENT.

Where a company has no personal property, exclusive of its franchises and good will, over its indebtedness, an assessment thereon is illegal.

Proceeding by the people, on the relation of the Cornell Steamboat Company, against Addison E. Dederick, assessor of the city of Kingston, to review the acts of the latter in placing on the tax roll an assessment against its personal property. There was an order striking such assessment from the roll.

Amos Van Etten, for relator.

John W. Searing, for defendant.

CHASE, J. The Cornell Steamboat Company is a domestic corporation duly incorporated and engaged in the business of towing vessels, boats, and barges upon the waters of the Hudson river and adjacent navigable waters, and having its office in the city of Kingston, N. Y. The city of Kingston is a municipal corporation, and Addison E. Dederick is the assessor of said city. During the month of July, 1898, said assessor made an assessment against said company for real estate and personal property, and inserted the same in the assessment roll. The personal assessment was and is $250,000. The said assessor duly gave notice that he would attend on the third Tuesday of August to hear and examine all complaints in relation to the

assessments appearing on said roll.    Written objections to said personal assessment were duly filed with the assessor by said company, and said company therein stated that it had no personal property other than that mentioned and set forth in a report filed with said assessor, and that the indebtedness of the company as therein stated exceeded the value of its personal property, and asked that the assessment for personal property be stricken from the assessment roll.    The report referred to in such objections is dated June 15, 1898, and said company in such statement sets forth in detail its real estate, and the value thereof.    The statement in regard to its capital stock and its personal property is as follows:

"The capital stock of the company, amounting to the sum of $750,000, was issued in payment for real and personal property and the good will and franchises of the business.    The personal property of the above-named corporation at the present time consists of steam towing vessels, machinery, materials and supplies, accounts receivable, and such other personal property as is necessary in the operation of the company's business; and the market value of the entire property is less than $700,000.    The bonded indebtedness and other indebtedness of the above corporation is $730,000."

On the 12th day of September, 1898, the president of the company was examined at length by the assessor.    The condition of the company, as thus shown, is as follows:

| | |
|---|---:|
| Value of steamboats | $550,000 00 |
| Real estate | 149,200 00 |
| Amount due from other parties | 131,721 44 |
| Cash on hand | 18,193 87 |
| Materials and supplies | 11,637 83 |
| Machinery and tools | 30,000 00 |
| | $890,753 14 |

| Deduct: | | |
|---|---:|---:|
| Amount due other parties | $ 96,301 37 | |
| Mortgage indebtedness | 700,000 00 | |
| Real estate | 149,200 00 | |
| | | 945,501 37 |

Leaving a deficiency of.......................... $ 54,748 23

It appears by the testimony of the president of the company that the mortgage indebtedness of $700,000 bears interest at the rate of 5 per cent. per annum, and that the company also has a capital stock of $750,000, and pays an annual dividend thereon of 6 per cent.    The president of the company, in his testimony, asserts that the personal property, franchises, and good will of the business are sufficient to meet the obligations of the company, and that he regards the corporation as solvent.    He states that the franchises and business are worth more than the boats.    He says the company has bought out the competing lines on the river, and that they have paid high prices for the good will of such competing lines.    He says further, in substance, that the ability of the company to pay interest and dividends rests in the good will of the business concerns owned by the company and in the personnel of the management.    There was nothing to limit the inquiry on the part of the assessor, but the evidence was closed with the testimony of the

president of the company. The return expressly states that the as-.sessor had no other evidence, documents, records, and papers before him concerning the valuation for assessment and taxation of the company's personal property. The only documents, statements, or evidence before the assessor were the statements and documents furnished by the company, and the oral testimony of the president of the company. The assessor, in his return, states, "I proceeded and acted upon the best information I could obtain." And he further states that: "This determination was reached after a full and careful consideration of all the statements and arguments submitted to him, and was based upon the information so acquired and upon his own knowledge of the property and business of the company, and such information as he could acquire by diligent inquiry." If the assessor made inquiries other than as expressly stated in the return, and upon which he acted, he should, in compliance with the terms of the writ, give the court some information as to the nature, extent, and direction of such inquiries, and he should state what the information was which he obtained and upon which he based his decision. People v. Barker, 139 N. Y. 55, 34 N. E. 722. While the assessing officers are not bound by the sworn statements when they have fair reason or ground for disbelieving them, they must return the information inducing such disbelief, so that the court may understand what it was upon which they acted. People v. Barker, 74 Hun, 418, 26 N. Y. Supp. 519. If the assessors rely upon facts not otherwise appearing in the proceedings, they must return them. It is not sufficient to state that he had other information which he preferred to accept, nor can they rest upon such belief. This is purely arbitrary. People v. Barker, 16 Misc. Rep. 255, 39 N. Y. Supp. 88. Where the capital stock of a company is all paid in, and the company is enabled from its business to pay interest on its bonded indebtedness, and to declare from its earnings a dividend on its capital stock, there is a presumption that its capital remains unimpaired, and the assessors have a right to rely upon such presumption, unless there is evidence to the contrary sufficient to overcome such presumption. In this case it is not claimed that any of the real or personal property of the company has been omitted from the statement of the company. The testimony taken by the assessor shows the actual value of all of the real and personal property of the company in detail. Such testimony is full and complete, and is not contradicted in any manner whatever. The assessor claims to rely upon the presumption that the capital is unimpaired. If the assessor really did rely upon such presumption, he should have assessed the company for a much larger amount. The amount of the assessment was not the result of any mathematical calculation, but was an arbitrary sum, fixed without computation, and without any definite theory. Counsel for the defendant refers to two cases in the court of appeals, namely, People v. Barker, 144 N. Y. 94, 39 N. E. 13, and People v. Barker, 146 N. Y. 304, 40 N. E. 996. In each of these cases the presumption arising by virtue of the payment of dividends is recognized and stated. The sworn statement of the relator in each case is doubted by reason of the fact that the relator does not in either case specify the

actual market value of its real estate. In each instance the relator refers to the assessed value of its real estate, and not its actual value; and the court expressed the belief that the real estate was of an actual value much greater than the assessed value as stated. An examination of the evidence shown by the return in this case necessarily results in the conclusion that the ability of the company to pay interest on its indebtedness and dividends on its stock rests in good will and management, rather than in actual tangible assets. The good will of a business of a corporation is not taxable. People v. Neff, 19 App. Div. 596, 46 N. Y. Supp. 299. The presumption in this case arising by virtue of the payment of such interest and dividends is clearly overcome by the undisputed testimony returned by the assessor. As the relator has no personal property (exclusive of franchises and good will) over and above its indebtedness, the assessment is illegal.

An order may issue directing that such assessment of $250,000 for personal property be stricken from the assessment roll of the city of Kingston for the year 1898.