PEOPLE ex rel. E. SEIDENBERG, STIEFEL & CO. v. FEITNER et al.

(Supreme Court, Appellate Division, First Department. June 9, 1899.)

TAXATION—ASSESSMENTS—CORPORATIONS.

> Tax commissioners based a corporation's assessment on the assets shown by a statement of its assets and liabilities, but refused to offset the indebtedness, claiming that where a corporation's capital stock was unimpaired they could assume that it possessed undisclosed assets sufficient to pay the disclosed indebtedness. *Held* that, such statement being full and complete, the commissioners were bound, in the absence of any other evidence, to take it, as the basis of the assessment.

Appeal from special term, New York county.

Petition for writ of certiorari by the people, on relation of E. Seidenberg, Stiefel & Co., against Thomas L. Feitner and others, as tax commissioners, to review an assessment for taxation of capital and surplus of relator. From an order dismissing the writ, petitioner appeals. Modified.

Argued before PATTERSON, McLAUGHLIN, O'BRIEN, and INGRAHAM, JJ.

M. A. Kursheedt, for appellant.
James M. Ward, for respondents.

O'BRIEN, J. The relator is a domestic corporation, having its principal office for the transaction of its business in the city of New

York. According to the statement filed with the commissioners, it appears that the total gross assets were on the second Monday of January, 1898, $186,876.96; and this amount was balanced by its items of liabilities, which included $5,761.47 reserved for bad debts and surplus $67,162.15. It is conceded that the capital is unimpaired, and the amount of the relator's assessment was fixed by the commissioners by taking the amount of the capital, which was $60,000, as unimpaired, adding thereto the item of surplus as though it were surplus profits, and deducting therefrom the 10 per cent. allowed by statute and the government bonds held by the relator, which were not taxable. By this process the amount upon which the relator was to be assessed was increased beyond what the statement furnished would justify, upon a theory advanced by the commissioners, as shown by their return, that upon the authority of Equitable Gas Light Co.; 144 N. Y. 94, 39 N. E. 13:

"Where the capital stock of a corporation was shown to be unimpaired, we were entitled to assume that the corporation was possessed of undisclosed assets sufficient to pay the disclosed indebtedness, and were not bound to deduct any of said indebtedness."

As a consequence, the commissioners fixed the assessment at a sum which was based on the assets shown, but refused to offset these by the indebtedness basing their action upon the authority of the case cited. We do not think that such a procedure can be justified.

In the Equitable Case it appeared by the statement of the relator that it was insolvent, although it also appeared that it was paying large dividends out of earnings, and no explanation of this anomaly was suggested. The commissioners in their return referred to the fact that the relator omitted to state the actual value of its stock, and did not assert that it was less than par. The return also referred to statements before the commissioners filed by the relator in 1891 and 1892, the previous years, as to the evidence which showed a different condition of the company. It also averred that the shrinkage in value was fictitious and accounted for by the fact that in former years the relator returned the actual value, while for the year in question it returned only the assessed value of its real estate. It was therein held that the commissioners were justified in distrusting the relator's statement and in acting on the evidence outside of it, and their assessment for an amount greater than the statement filed by the relator justified was sustained. In that case, however, it was said:

"We held in the case of People v. Barker, 139 N. Y. 55, 34 N. E. 722, that the judgment of the commissioners was not a capricious and arbitrary one, and that when the proofs presented on the application are full, uncontradicted, and credible, and show the assessment to have been erroneous, and it does not appear that the commissioners had or acted upon any other information, they cannot arbitrarily refuse to grant relief."

And then the learned judge writing the opinion proceeds to show that the commissioners were justified in distrusting the statement furnished by the relator, and upon that ground held that they were authorized to fix their assessment upon evidence outside of that furnished by the relator. As we have endeavored to point out, however,

they did not destroy the rule which has long prevailed, and which was in fact approved in that case, that "where the evidence upon the subject is entirely uncontradicted, and is full and complete, so that all the necessary facts are established beyond any fair dispute, and if there can be but one inference resulting therefrom, and there is no reason appearing for doubting the truth of such evidence, a refusal on the part of the assessors to decide in accordance with it would be merely capricious and arbitrary, amounting to a legal error, and should not be sustained. People v. Barker, 139 N. Y. 61, 34 N. E. 722; Id., 141 N. Y. 255, 36 N. E. 196; People v. Dederick (Sup.) 55 N. Y. Supp. 40." Here there is nothing to justify the statement made that there were undisclosed assets "sufficient to pay the disclosed indebtedness"; but, so far as appears, the statement is full and complete, and is supported by the balance sheet of the company, also furnished to the commissioners. The assessors, therefore, in the absence of any other evidence, were bound to take the statement as the basis for their assessment. Considering the amount of assets as against the liabilities, as shown by the statement, it appears that, adding the item in the liabilities of reserve for bad debts to the surplus, the assets exceeded the liabilities to the extent of $72,923.62. This shows, what is conceded in the case, that the capital of $60,000 is unimpaired; and, for the purpose of fixing the amount at which the relator should be assessed, we must start with this excess of assets over liabilities, and deduct therefrom the 10 per cent. on the capital stock allowed by statute, which would amount to $6,000, and the $60,000, the value of the government bonds, leaving, as the true basis of assessment, $6,523.62; or, differently expressed:

| | |
|---|---:|
| Capital share stock at par | $60,000 00 |
| Surplus | 12,923 62 |
| | |
| Net assets | $72,923 62 |
| Deduct 10 per cent. capital account surplus | 6,000 00 |
| | |
| | $66,923 62 |
| Deduct United States bonds | 60,400 00 |
| | |
| Basis of assessment | $ 6,523 62 |

The order dismissing the writ of certiorari should be modified to the extent indicated, and the amount of the assessment of the relator's capital and surplus should be reduced as indicated, without costs. All concur.