PEOPLE ex rel. TRUST & DEPOSIT CO. OF ONONDAGA v. NORTON et al., Assessors.

(Supreme Court, Appellate Division, Fourth Department. July 24, 1900.)

TAXATION—TRUST AND DEPOSIT COMPANIES—PERSONAL PROPERTY—DEDUCTIONS —UNITED STATES BONDS.

> Under Laws 1896, c. 908, § 12, providing that the capital stock of every trust and deposit company shall be liable to taxation, except such part as is exempt by law, or has been excepted in the assessment roll, in arriving at the amount of taxable property of a trust and deposit company it is proper to deduct from its gross assets the amount owed depositors, and to exempt from the remainder the sums invested in United States bonds, though the amount owed to depositors was used in the purchase of the bonds.

Appeal from judgment on report of referee.

Certiorari by the people, on relation of the Trust & Deposit Company of Onondaga, to review the action of Clark H. Norton and others, as assessors of the city of Syracuse, in taxing property of the relator. From a judgment in favor of relator, defendants appeal. Affirmed.

Argued before ADAMS, P. J., and McLENNAN, SPRING, WILLIAMS, and LAUGHLIN, JJ.

Melvin Z. Haven and J. E. Newell, for appellants.
Hiscock, Doheny, Williams & Cowie, for respondent.

WILLIAMS, J. The judgment vacated and set aside an assessment of the relator for personal property in the year of 1899, in the sum of $244,684. It appears from the report of the referee that the relator was incorporated by a special act of the legislature of the state of New York (chapter 874, Laws 1866), and by chapter 75 of the Laws of 1899 was granted all the powers conferred upon trust and safe-deposit companies incorporated under chapter 689 of the Laws of 1892, and the acts amendatory thereof, as fully as if incorporated thereunder; that its capital stock paid in, at the time it was incorporated was $100,000; that the assessment was made as of July 1, 1899; and at that time the total assets of the relator were of the actual value of $3,392,799.82, and its liabilities were $3,099,-237.11,—the excess of assets over liabilities being $293,562.71; that among the assets were United States bonds of the actual value of $286,437.50; stocks of other corporations which were assessed on their stock, $12,072.50; and 10 per cent. of the capital stock of relator was $10,000,—making total of $308,510.

These facts were undisputed. The referee decided as matter of law that, in order to arrive at the amount of taxable assets of the relator, there should be deducted from its net assets the amount of United States bonds, stocks of other corporations which were assessed on their stock, and 10 per cent. of the capital stock of the relator, and, these deductions being made, the relator had no personal property for which it could be assessed. The defendants claim that this manner of arriving at the amount of taxable assets was incorrect; that the whole of the net assets should not have been regarded as invested in nonassessable securities, but largely in securities that were not exempt from taxation; that the indebtedness to depositors should not have been deducted in order to arrive at the amount of assessable assets, because such deposits were used in the purchase of the United States bonds.

Section 12 of chapter 908 of the Laws of 1896 provides as to the assessment of corporations of the character of the relator:

"The capital stock of every company liable to taxation, except such part of it as shall have been excepted in the assessment roll or shall be exempt by law, together with its surplus profits or reserve funds, exceeding ten per cent. of its capital, after deducting the assessed value of its real estate, and all shares of stock in other corporations, actually owned by such company, which are taxable upon their capital stock under the laws of this state, shall be assessed at its actual value."

This section is somewhat involved, but, in general terms, it makes the capital stock and surplus profits, after allowing the exemptions, assessable at their full values. The phrase "capital stock," as used in the statute, means, not the stock held by the stockholders, but the capital owned by the corporation, and paid in, and used as a basis of the business enterprise. People v. Coleman, 126 N. Y. 434, 27 N. E. 818, 12 L. R. A. 762. It was proper in this case, in arriving at the real value of the capital stock and surplus, to deduct from the amount of the gross assets all the debts owing by the relator, including the amount owing to depositors. People v. Barker, 154 N. Y. 128, 47 N. E. 973. And it was proper to allow, as an exemp-

tion against the real value of such capital and surplus, the amount invested in United States bonds and in stocks otherwise taxable. In the case last above cited, the court said, in deciding a like question:

"The individual citizen is allowed to deduct from the value of his personal property his debts, and such stocks as are otherwise taxable, and such other property as is exempt by law from taxation. In the case of the individual, the amount invested in United States bonds would be deducted if held in good faith. It is urged in the case at bar by the commissioners that, if the amount due depositors is deducted from the gross assets as a liability, it must have included the United States bonds owned by the relator, as they were doubtless purchased with money received on deposit, and that to deduct the amount again would be to deduct $220,000 of the deposits twice. We do not think this reasoning is sound. In ascertaining its apparent surplus, the relator is entitled to deduct the amount due depositors as a liability, and from that apparent surplus is to be deducted all the allowances accorded to the private citizen in the assessment of his personal property. If the relator elects in good faith to invest its apparent surplus in securities that are not taxable under the laws of this state, the assessing officer is bound by the statute to recognize its rights to do so. This rule of assessment has repeatedly been followed in this state. People v. Coleman, 135 N. Y. 231, 31 N. E. 1022."

This case arose under section 312, c. 409, Laws 1882, but the same rule applies to the tax law. The same rule was applied in People v. Feitner, 41 App. Div. 571–573, 58 N. Y. Supp. 713, where it was said:

"For the purpose of fixing the amount at which the relator should be assessed, we must start with the excess of assets over liabilities, and deduct therefrom the ten per cent. on the capital stock allowed by statute and the value of government bonds."

It cannot be claimed that the relator had any purpose of evading taxation, in investing its capital or surplus in United States bonds or other nontaxable securities, so as to be deprived of the right to deduction thereof, under section 6 of the tax law. We conclude, therefore, that the decision of the special term was correct, and that the judgment appealed from should be affirmed, with costs. So ordered. All concur.